UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH BUZZANGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-1353 (CEJ) |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA, also known as ) | |
| CIGNA Group Insurance, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for protective order. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.[1]

Plaintiff Deborah Buzzanga brings this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a)(1), to recover accidental death benefits she asserts are due under a group accident policy issued by defendant Life Insurance Company of North America (LINA) to her employer, BJC Healthcare. Plaintiff's husband and covered dependent, Garry C. Robinett, died in a single-vehicle accident on December 22, 2007. LINA denied plaintiff's application for benefits, based upon a finding that Mr. Robinett's blood alcohol level was above the legal limit at the time of the accident. Plaintiff alleges that the denial constitutes a breach of fiduciary duty and an abuse of discretion and was arbitrary and capricious.

---

[1]Plaintiff has filed a motion to compel disclosure of four documents that defendant withheld under the attorney-client privilege and the work product doctrine. That motion will be separately addressed.

Defendant seeks a protective order to bar plaintiff from conducting discovery, arguing that the abuse-of-discretion standard applies to plaintiff's denial-of-benefits claim. Under this standard, defendant contends, the Court's evaluation is limited to a review of the existing administrative record. Plaintiff opposes defendant's motion, arguing that limited discovery may be necessary in order to determine the appropriate standard of review – abuse of discretion or *de novo*.

### Discussion

"[A] denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the plan gives the administrator discretion to determine benefit eligibility or construe the terms of the plan, the administrator's decision is reviewed under a deferential abuse of discretion standard. Janssen v. Minneapolis Auto Dealers Ben. Fund, 477 F.3d 1109, 1113 (8th Cir. 2006). Under this standard, the Court must defer to the decision made by the plan administrator unless the decision is arbitrary and capricious. Jackson v. Prudential Ins. Co. of America, 530 F.3d 696, 701 (8th Cir. 2008); see also Wakkinen v. UNUM Life Ins. Co. of America, 531 F.3d 575, 583 (8th Cir. 2008) (courts will not disturb the administrator's decision if it was reasonable; *i.e.*, where substantial evidence exists to support the decision).

In this case, the policy appoints LINA as the plan fiduciary and grants LINA "authority, in its discretion, to interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and make any related findings of fact." Group Accident Policy OK823011 at 5. Because LINA was given

discretion to make benefits decisions, the deferential abuse-of-discretion standard applies.

It had been the rule in the Eighth Circuit that, even where a plan administrator was authorized to exercise discretion, a claimant could obtain *de novo* review of the denial of benefits by presenting "material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty."  Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998).  The United States Supreme Court recently held that a conflict of interest exists when the entity that administers the plan "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket."  Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2346 (2008).  However, Glenn made it clear that the presence of a conflict of interest does not entitle the claimant to *de novo review*.  Wakkinen, 531 F.3d at 581.  See also Chronister v. Unum Life Ins. Co. of America, 563 F.3d 773, 775 (8th Cir. 2009) (abuse of discretion standard remains the appropriate standard for evaluating plan administrator's decision).  Rather, a conflict of interest should be weighed as a factor in determining whether there was an abuse of discretion:

> [W]hen judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one. . . Any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance.  [A] conflict of interest . . ., for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration.  It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

Glenn, 128 S. Ct. at 2350.

Courts have varied in their assessment of Glenn's impact on discovery in ERISA cases. Before Glenn, discovery was not permitted in cases reviewed for abuse of discretion. The courts "examine only the evidence that was before the administrator when the decision was made, and . . . are to determine whether a reasonable person could have -- not would have -- reached a similar decision." Wakkinen, 531 F.3d at 583 (citing Phillips-Foster v. UNUM Life Ins. Co., 302 F.3d 785, 794 (8th Cir. 2002)). Thus, "additional evidence gathering is ruled out on deferential review." Brown v. Seitz Food, Inc. Disability Benefit Plan, 140 F.3d 1198, 1200 (8th Cir. 1998). Following Glenn, courts in this district have permitted some discovery in ERISA cases. See, e.g., Sampson v. Prudential Life Ins. Co. of America, 2009 WL 882407, No. 4:08CV1290 CDP (E.D. Mo. Mar. 26, 2009); Winterbauer v. Life Ins. Co. of No. America, 2008 WL 4643942, No. 4:07CV1026 DDN (E.D. Mo. Oct. 27, 2008). The scope of that discovery, however, has been limited to determining whether a conflict of interest or procedural irregularity exists. See, e.g., T.D.E. v. Life Ins. Co. of No. America, 2009 WL 367701 *4, No. 4:07CV1387 CDP (E.D. Mo. Feb. 11, 2009) ("Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue."); Winterbauer, 2008 WL 4643492 at *5-6 (stating "it seems logical to allow some discovery on issues related to" the Glenn factors).

Under these principles, defendant is entitled to protection from wide-sweeping discovery demands regarding the merits of its benefits decision and plaintiff is entitled to discovery relevant to the existence of a conflict of interest or procedural irregularity. Plaintiff has not yet propounded discovery requests -- she asserts in a cursory fashion that she has been prevented from doing so because defendant failed to turn over the complete administrative record. Defendant turned over the record, minus an in-house

request for a legal opinion and three research memoranda regarding applicable law governing DUI claims in an accidental death insurance context. Defendant withheld these documents on the basis of the attorney-client privilege and work product doctrine. Other than arguing that she is entitled to these documents, plaintiff does not articulate how their exclusion prevents her from propounding specific discovery requests that relate to the existence of a conflict of interest or procedural irregularity.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for protective order [Doc. #14] is **granted in part and denied in part**. The plaintiff shall be permitted to obtain discovery with respect to the existence of a conflict of interest or procedural irregularity.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2010.