UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH BUZZANGA,<br><br>    Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>    Defendant. | Case No. 4:09-CV-1353 (CEJ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to unseal a deposition transcript and defendant's motion for sanctions against plaintiff for disclosing the transcript in violation of the protective order entered in this case. The issues are fully briefed.

**I.**    **Background**

On July 19, 2010, the Court entered an "agreed protective order" submitted by the parties governing the treatment of materials produced in discovery that are deemed confidential or proprietary. [Doc. #43]. Under the terms of the order, the party producing documents or information may designate the materials as "confidential." If the receiving party disagrees with the designation, then the receiving party must first submit to the producing party a written request for redesignation. If the parties are unable to reach agreement as to whether or not the material is confidential, then their dispute is to be presented to the Court. Material that is designated confidential retains that designation until the dispute is resolved by agreement of the parties or court order. Confidential documents are not to be communicated in any manner to any person without prior notice to the producing party

and any person receiving confidential documents must execute a nondisclosure agreement.

In July 2011, plaintiff filed a motion to compel defendant to produce documents that were disclosed in discovery in another case, Ulyanenko v. Metropolitan Life Ins. Co. et al., No. 09-CV-3513 (S.D.N.Y.) [Doc. #78]. The documents at issue are six pages addressing defendant's procedure for handling claims for deaths resulting from driving while intoxicated.[1] [Doc. #78-3]. Defendant ultimately agreed to produce the documents and to make a witness, Brian Billeter, available for another deposition. At deposition on August 30, 2011, Mr. Billeter testified about the claims manual in which these six pages originally appeared; he also answered questions about a declaration he signed on Aug. 12, 2009, and that was submitted in another case, Scanlon v. Life Ins. Co. of No. America, No. C08-0256JCC (W.D. Wash.). [Doc. #90-1]. The six pages and the declaration have been publicly filed in this case and others.

Defense counsel received a copy of the deposition transcript on September 12, 2011. That same day, defense counsel emailed plaintiff's counsel a designation of pages 86 to 108 as confidential under the protective order. The following day, plaintiff's counsel responded that he had already given the entire deposition to others "as on [his] review nothing confidential was discussed." On September 21, 2011,

---

[1] The six pages at issue appear to come from different documents. The first two pages are dated February 23, 1993, and include the notation: "FILING INSTRUCTIONS: SRO Communication Manual - "Accidental Death and Dismemberment" (Section A)." The next three pages are undated and appear to be nonconsecutive pages from a manual. They address "Drug Overdose/Accidental Intoxication" and "Foreseeability." The last page is also undated and addresses "Foreseeability." These pages instruct that, in the absence of a specific intoxication exclusion in the policy, accidental death and disability claims should not be denied solely because the covered person was legally intoxicated. [Doc. #88-3 at 1]. Mr. Billeter testified that this manual is no longer in use and does not reflect defendant's current policy regarding drunk-driving deaths.

plaintiff's counsel informed defense counsel that, as a courtesy, he had recontacted the individuals to whom he'd sent the transcript and instructed them that they were "not to use those pages in any proceeding, forward that part of the transcript to any other parties and should return or destroy those pages." Despite his exchange with defense counsel regarding the contested pages of the deposition, on September 26, 2011, plaintiff's counsel filed a copy of the complete deposition in the public record of this case. The Clerk of Court sealed the transcript the following day in response to a request from defense counsel. Plaintiff filed her motion to unseal the transcript on September 27, 2011; defendant's motion for sanctions was filed the next day.

## II. Discussion

Defendant asserts that plaintiff violated the parties' agreed protective order by transmitting confidential portions of the Billeter transcript; plaintiff argues that defendant improperly designated these portions as confidential in the first place.

The Court first addresses plaintiff's argument that the protective order does not apply to deposition testimony because testimony is not a "document." The protective order applies to "documents, things and information ("DOCUMENTS"), which a party or nonparty considers to be confidential and proprietary business information [or] other similar information important to the operation of their respective business." The deposition testimony is "information" and the transcript is a "document," and they clearly fall within the parties' protective order.

Plaintiff's counsel also suggests that he was free to disclose the transcript to others until the moment defense counsel submitted page designations in writing. Plaintiff's counsel was made fully aware during the deposition itself that defense counsel intended to make designations when the transcript was produced, and that is

just what occurred. Plaintiff's counsel may not take advantage of the fact that he received the transcript a day before defense counsel did in order to evade the spirit of the parties' agreed protective order. The filing of the transcript in the public record after receiving the written designation of confidentiality was either an inadvertent error or an intentional act. Either way, defendant has established that plaintiff violated the terms of the parties' agreed protective order and a sanction is warranted. The Court will require plaintiff to pay defendant's reasonable attorney's fees incurred in bringing the motion for sanctions. Defendant also asks that plaintiff's counsel be ordered to identify all persons who received a copy of the deposition and to provide sworn assurances that all copies have been destroyed. This request will be granted with respect to the unauthorized third parties to whom plaintiff's counsel disclosed the transcript. However, given that the document was publicly available, plaintiff's counsel cannot be required to identify all persons who may have accessed the document through the Court's electronic filing system.

With respect to plaintiff's motion to unseal the transcript, defendant acknowledges that the documents about which Mr. Billeter testified are publicly available but argues that his testimony about how defendant uses the documents is new and thus confidential. Defendant includes in this category of "new and confidential" Mr. Billeter's testimony regarding defendant's "shift away from" the position taken in the manual, how defendant trains its claims analysts, how cases are assigned to analysts, and how the analysts develop and retain form letters. The Court has compared the "confidential" portions of Mr. Billeter's deposition with the publicly-available documents filed in this case and is hard-pressed to understand why they are

so designated.[2] Based on its review of the testimony in question and the other documents in this case, the Court believes that defendant has been overgenerous in its designation of confidential material. The Court will direct defendant to re-examine the deposition and all other documents it filed under seal and to submit a detailed motion to seal those documents it believes should remain nonpublic. All others will be unsealed. Defendant properly requested leave to file the administrative record under seal and need not renew its request with respect to that record. Defendant is instructed not to file any further documents under seal without first seeking leave of court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for sanctions [Doc. #91] is **granted in part**.

**IT IS FURTHER ORDERED** that, not later than **February 16, 2012,** counsel for plaintiff shall submit to counsel for defendant a list identifying by name and address all unauthorized third parties to whom plaintiff's counsel disclosed the transcript of Brian Billeter's deposition.

**IT IS FURTHER ORDERED** that, no later than **February 21, 2012**, counsel for defendant shall file a verified statement of the attorney's fees and costs it incurred in bringing the motion for sanctions.

---

[2]See, e.g., Renee Worst deposition dated Sept. 2. 2010, in Ulyanenko,[Doc. #78-4 pp. 37-44] (training of adjusters); Brian Billeter deposition dated July 22, 2009, in Scanlon v. Life Ins. Co. of North America, No. CO8-0256JCC (W.D. Wash.) [Doc. #94-1 pp. 56-57] (training practices); Brian Billeter deposition dated Aug. 11, 2011, in Whinery v. Life Ins. Co. of North America, No. CV10-09312 (C.D. Ca) [Doc. #94-3 pp. 57-59] (shift away from 1993 practice).

**IT IS FURTHER ORDERED** that plaintiff's motion to unseal the transcript [Doc. #89] is **granted in part**.

**IT IS FURTHER ORDERED** that, no later than **February 16, 2012**, counsel for defendant shall submit a detailed motion for leave to seal documents.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2012.