UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH BUZZANGA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:09-CV-1353 (CEJ) ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On January 4, 2013, the Court entered judgment in plaintiff's favor on her claim to recover accidental death benefits pursuant to the Employee Retirement Security Act (ERISA, 29 U.S.C. § 1132(a)(1). Plaintiff has filed a motion for attorneys' fees, costs, and prejudgment interest. Defendant concedes that plaintiff is entitled to relief but asserts that plaintiff's requests must be reduced.

A.  **Attorneys' Fees**

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).[1]

The well-established standard for assessing attorney's fees is the lodestar method, which determines the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983). "The district court should also exclude from this initial fee calculation hours that were not 'reasonably expended.'" Hensley, 461 U.S. at 434. Once the

---

[1]The Eighth Circuit has identified factors relevant to determining whether an award of attorney fees is appropriate in an ERISA case. Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966, 969 n.4, 972 (8th Cir. 2002) (*en banc*) (discussing Lawrence v. Westerhaus, 749 F.2d 494 (8th Cir. 1984)). The "'five factors' set forth by Westerhaus are by no means exclusive or to be mechanically applied." Id. In this case, defendant concedes that fees are appropriate and thus consideration of the Westerhaus factors is unnecessary.

lodestar amount has been determined, the Court may consider several other factors[2] to determine whether the fee should be adjusted upward or downward, although "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Transamerica Life Ins. Co., Inc. v. Lambert, 4:12-CV-1253 CAS, 2013 WL 328792 at *2 (E.D. Mo. Jan. 29, 2013) (quoting Hensley, 416 U.S. at 434 & n. 9).

**Hourly Rate**

Plaintiff has submitted the declaration of attorney Matthew R. Davis. Mr. Davis states that he has practiced law since 2006 and that he routinely handles claims and litigation regarding the denial of ERISA benefits. He states that his hourly rate for ERISA matters is $350. Attorney Timothy Gallagher has been practicing law for over 20 years, representing plaintiffs for the last 16 years. He seeks an hourly rate of $450.00.

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" Moysis v. DTG Datanet, 278 F.3d 819, 828-829 (8th Cir. 2002). In determining whether a fee is reasonable, "the special skill and experience of counsel

---

[2]Other factors the court may consider are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) (limited by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

should be reflected in the reasonableness of the hourly rates." Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991) (internal quotations and citations omitted).

Defendant argues that the requested rates are not reasonable when compared with the ordinary rates for similar work in this community. A review of the local billing rates supports defendant's assertion. See "Billing Rates 2012," Missouri Lawyers Weekly (August 6, 2012).[3] The fees plaintiff requests exceed those that defendant is paying to its attorneys with similar experience for their work on this matter.[4] See Tussey v. ABB, Inc., 06-04305-CV-C-NKL, 2012 WL 5386033 at *4 (W.D. Mo. Nov. 2, 2012) (defendant's fees may provide best available comparable standard to measure the reasonableness of plaintiff's fees) (citing Chicago Prof'l. Sports Ltd. P'ship v. National Basketball Ass'n, 1996 WL 66111 at *3 (N.D. Ill. Feb.13, 1996)).

Plaintiff urges the Court to consider other factors in addition to the local prevailing rate. In particular, counsel agreed to represent plaintiff on a contingency fee basis and bore the risk of losing outright. In addition, Mr. Davis states that he and Mr. Gallagher did not work on other cases and their firm advanced all expenses during the pendency of the case. These factors justify an hourly rate higher than that billed by defense counsel. The Court concludes that reasonable hourly rates are $375 for Mr. Gallagher and $275 for Mr. Davis.

**Hours Expended**

---

[3] http://www.pageturnpro.com/Missouri-Lawyers-Media/42401-Billing-Rates-2012/defaultie.html#4

[4] As of February 2012, defendant was paying $309/hour for the services of William Hanna, who has been in practice since 1989 and specializes in ERISA litigation, and $242/hour for the services of Jamie Boyer, who has been in practice since 2003. [Doc. #101-1].

Detailed billing records for Mr. Davis and Mr. Gallagher reflect that Mr. Davis expended 279.9 hours and Mr. Gallagher expended 56.1 hours. The Court has excluded time spent on administrative tasks such as filing documents in the court's electronic filing system and reviewing nonsubstantive orders. (See, e.g., line 83 "Receive and Review Order, Extension of Time File Designation of Neutral"). Other items are disallowed as duplicative; in particular, both attorneys seek reimbursement for attending mediation and depositions. As Mr. Davis took the lead role in these activities, only his time will be allowed. The Court has also disallowed as duplicative Mr. Gallagher's participation along with Mr. Davis in conversations with plaintiff.

Mr. Gallagher spent approximately 17 hours conferring with Mr. Davis, an amount of time that defendant characterizes as excessive. Given that this case involved two rounds of summary judgment motions and extensive litigation over defendant's objections to discovery, the Court concludes that the conference time is not excessive. Furthermore, a comparison of the two records indicates that these conferences were not double-billed. Defendant also objects to the time counsel spent drafting a motion to compel and for sanctions, which plaintiff withdrew after the parties resolved their discovery dispute. The Court disagrees with defendant's characterization of the motion as an "ill-considered litigation strategy" and will allow the time.

Based upon its review of the billing records, the Court has disallowed 9.4 hours for Mr. Davis, bringing his total to 270.5 hours, and 20 hours for Mr. Gallagher, bringing his total to 36.1. Accordingly, the Court will award attorneys' fees in the following amounts:

Matthew R. Davis            270.5 hours at $275/hour = $74,387.50

Timothy J. Gallagher        36.1 hours at $375/hour = $13,537.50

B.   Costs

Plaintiff seeks an award of costs pursuant to 28 U.S.C. § 1920 in the amount of $1,738.95, including $1,388.95 as "fees for exemplification and copies of papers necessarily obtained for use in the case." Defendant opposes the inclusion of $422.95 in this amount for sworn statements obtained from plaintiff and two witnesses, arguing that such statements are not covered under the statute and that plaintiff could have obtained the same information at reduced cost by preparing declarations. There is no *per se* rule excluding recovery for sworn statements under § 1920. See Knight v. Computer Sciences & Raytheon, 6:00-CV-1563ORL28DAB, 2002 WL 32818519, at *1 (M.D. Fla. Dec. 17, 2002) (allowing costs for depositions and sworn statements). The Court found that the sworn statements were relevant to determining plaintiff's decedent's subjective expectations prior to his death and concludes that they were necessarily obtained for use in the case. Defendant's objection is overruled.

C.   **Prejudgment Interest**

Plaintiff seeks prejudgment interest in the amount of $33,403.90. Defendant disputes plaintiff's calculations.

The parties agree that plaintiff is entitled to prejudgment interest and that 28 U.S.C. § 1961 provides the correct basis for determining the interest rate, which is the weekly average 1-year constant maturity Treasury yield, to be compounded annually. The parties also agree that the period for which plaintiff is entitled to prejudgment interest begins on January 18, 2008, when she submitted her claim for benefits, and ends on January 4, 2013, when the Court entered judgment in her favor. The dispute

centers on which interest rate applies – the one that was in effect on January 18, 2008 (2.69%) or the one that was in effect on January 4, 2013 (.15%).

In McClelland v. Life Ins. Co. of No. America, 08-CV-4945 MJD/AJB, 2011 WL 31495 at *7 (D. Minn. Jan. 5, 2011) the district court awarded interest based upon the rate in effect when plaintiff submitted a benefits claim. The Eighth Circuit affirmed the award of prejudgment interest without discussion. McClelland v. Life Ins. Co. of No. America, 679 F.3d 755, 762 (8th Cir. 2012). Similarly, in Sheehan v. The Guardian Life Ins. Co., No. 4:00-CV-59 ERW (E.D. Mo. May 21, 2003), the district court awarded prejudgment interest using the rate in effect from the date benefits were denied. On appeal the Eighth Circuit affirmed the award of prejudgment interest, and the method the district court used to calculate the interest.[5] Sheehan v. Guardian Life Ins. Co., 372 F.3d 962, 969 (8th Cir. 2004). The Court concludes that the proper interest rate is that which was in effect on January 18, 2008.

By separate order, the Court granted defendant's motion to alter judgment and an amended judgment in the amount of $220,000 will be entered. The amended judgment will also include prejudgment interest for the period January 18, 2008 to January 4, 2013, using the interest rate that was in effect on January 18, 2008 (2.69%).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorneys' fees and prejudgment interest [Doc. #132] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for costs [Doc. #131] is **granted**.

---

[5]The Eighth Circuit determined that plaintiff was entitled to prejudgment interest calculated from the of her husband's death rather than from the date on which her claim was denied, thereby increasing the amount of prejudgment interest awarded.

**IT IS FURTHER ORDERED** that plaintiff is awarded attorneys' fees in the amount of $87,925.00, and costs in the amount of $1,738.95.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2013.