UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH BUZZANGA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:09-CV-1353 (CEJ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion pursuant to Fed.R.Civ.P. 59(e) to alter or amend judgment. Plaintiff has filed a response in opposition and the issues are fully briefed.

Plaintiff Deborah Buzzanga brought this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1), to recover accidental death benefits following her husband's death under a group accident policy issued by defendant Life Insurance Company of North America to her employer. On January 4, 2013, the Court denied defendant's renewed motion for summary judgment and entered judgment in plaintiff's favor in the amount of $250,000. Defendant now argues that, under the terms of the policy, plaintiff's recovery is limited to $220,000. Plaintiff contends, first, that defendant should have asserted this argument before judgment was entered and, second, that defendant's interpretation of the policy is unreasonable.

I. **Legal Standard**

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996)

(citing White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

## II. Discussion

Plaintiff's husband Garry Robinett died in a car accident on December 22, 2007. Plaintiff submitted a claim for accidental death benefits which defendant denied on initial review and appeal. Plaintiff filed this suit, alleging that defendant's denial of her claim constituted an abuse of discretion and was arbitrary and capricious. The parties submitted cross-motions for summary judgment on the administrative record. In its motion, defendant argued that the Court should apply the definition of accident found in Wickman v. Northwestern Nat'l Ins. Co., 908 F.2d 1077 (1st Cir. 1990). This was not the definition of accident that defendant had applied in its review of the claim and so the Court remanded the matter for reevaluation. See Memorandum and Order (Dec. 28, 2010) [Doc. #64]. Defendant completed its review on remand and again denied the claim. Plaintiff filed an amended complaint and defendant again moved for summary judgment.

Defendant did not address the calculation of damages in its two motions for summary judgment, choosing instead to assert that plaintiff was not entitled to any benefit at all. The Court disagreed with defendant and determined that plaintiff was entitled to judgment on her amended complaint. Finding no argument to the contrary in defendant's memorandum in support of its motion for summary judgment, the Court

awarded plaintiff the amount she sought in her amended complaint, or $250,000.00. [Doc. #66, ¶¶15-17, ¶¶28-29].

Plaintiff argues that defendant should have raised its argument regarding the proper calculation of the seatbelt rider before judgment was entered. Plaintiff asserted that she was entitled to $50,000 under the seatbelt rider in her statement of uncontroverted facts in support of summary judgment. [Doc. #50-1, ¶¶10-12]. In response, defendant asserted the benefit was $20,000. [Doc. #57, ¶¶ 11-12]. The parties' statements of fact are not the proper vehicle for arguing dispositive points of law. Nonetheless, under this circumstance, the Court concludes that defendant did not forfeit its right to challenge the calculation of the benefit due under the seatbelt rider. Thus, the Court turns to consideration of the relevant policy provisions.

If the language in an insurance contract is clear and unambiguous, the court must construe the contract as written. Wasson v. Shelter Mut. Ins. Co., 358 S.W.3d 113, 120 (Mo. Ct. App. 2011) (quotation marks and citation omitted). The words of a policy are given their ordinary meaning unless it is obvious that a technical meaning was intended. Gateway Hotel Holdings, Inc. v. Lexington Ins. Co., 275 S.W.3d 268, 275-76 (Mo. Ct. App. 2008) (citation omitted). The policy "must be given effect according to the plain terms of the agreement, consonant with the reasonable expectations, objectives and the intent of the parties." Id. (citation omitted).

Under the policy, plaintiff was an insured and her husband was an eligible dependent. The policy provided different levels of benefit, defined as the "Principal Sum." See Deft. Ex. A at 10 [Doc. #128-1]. The parties agree that plaintiff selected the maximum benefit, or $500,000. Plaintiff also selected family coverage under the policy. The "Family Plan Rider" states: "**Benefits:** Benefits for all covered persons are based upon the Insured's Principal Sum amount as follows: . . . Insured[:] 100% of

the Principal Sum[;] Spouse[:] 40% of the Principal Sum." The parties agree that, given a principal sum of $500,000, the death benefit to which plaintiff is eligible is $200,000. Id. at 14.

The parties also agree that plaintiff is entitled to an additional benefit under the policy's seatbelt rider, which states: "We will pay a benefit under this rider when the Covered Person dies as the result of a covered accident . . . while the Covered Person is . . . wearing a properly fastened . . . seatbelt. The amount payable under this rider is 10% of the Principal Sum to $50,000." Id. at 21. Plaintiff asserts that "10% of the Principal Sum" means "10% of $500,000," or $50,000. Defendant contends that the disputed phrase means "10% of the [Eligible Dependent's] Principal Sum," or "10% of $200,000."

Because plaintiff's claim involves benefits for a spouse, the seatbelt coverage must be read in conjunction with the family coverage, which provides that the benefit level for a spouse is 20% of that for the insured. Thus, the benefit level for the insured under the seatbelt rider is 10% of $500,000, or $50,000; and the benefit level for the spouse of the insured is 40% of $50,000, or $20,000. Thus, the total benefit to which plaintiff is entitled is $220,000 and the judgment will be amended accordingly.

Defendant additionally argues that it is entitled to offset any damages it owes to plaintiff by the award of sanctions granted for the breach of the protective order by plaintiff's counsel. The Court will address defendant's sanction award by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to alter or amend judgment [Doc. #127] is **granted**.

An amended judgment consistent with this Memorandum and Order will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2013.